# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:15CR193 AND |
| | § | CRIMINAL ACTION NO. 4:15CR180 |
| KIRK WILLIAM MORAN | § | ALM/CAN |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on April 19, 2016, to determine whether Defendant violated his supervised release. Defendant was represented by Denise Benson. The Government was represented by Glenn Roque-Jackson.

On February 15, 2006 in Cause Number 4:15CR180, Defendant was sentenced by the Honorable United States District Judge Terence C. Kern of the Northern District of Oklahoma after pleading guilty to the offense of Felon in Possession of a Firearm and Ammunition, Possession with Intent to Distribute Cocaine, and Possession of a Firearm in Furtherance of a Drug Trafficking Crime. Defendant was sentenced to thirty seven (37) months imprisonment as to each of Counts 1 and 2, each Count to run concurrently with the other and 60 months imprisonment as to Count 3, which shall run consecutively to terms imposed in Counts 1 and 2, followed by a three (3) year term of supervised release as to Counts 1 and 2, and 5 years as to

Count 3, all ordered to run concurrently with each other subject to the standard conditions of release.

On February 7, 2014, Defendant completed his period of imprisonment and began service of his term of supervised release. On October 8, 2015, jurisdiction in this case (4:15CR180) was transferred to the Eastern District of Texas and assigned to the Honorable United States District Judge Amos Mazzant.

On April 29, 2013 in Cause Number 4:15CR193, Defendant was sentenced by the Honorable United States District Judge Stephen P. Friot of the Western District of Oklahoma after pleading guilty to the offense of Providing or Possession of Contraband in prison. Defendant was sentenced to eighteen (18) months imprisonment to run consecutive to the sentence imposed in CR-05-095-1-F, followed by a three (3) year term of supervised release.

On February 7, 2014, Defendant completed his period of imprisonment and began service of his term of supervised release. On October 23, 2015, jurisdiction in this case (4:15CR193) was transferred to the Eastern District of Texas and assigned to the Honorable United States District Judge Amos Mazzant.

On December 7, 2015 in Cause Numbers 4:15CR180 and 4:15CR193, the U.S. Probation Officer executed Petitions for Warrant or Summons for Offender Under Supervision [Dkt. 2 Sealed]. The Petitions asserted that Defendant violated three (3) conditions of supervision, as follows: (1) Defendant shall refrain from any unlawful use of a controlled substance; (2) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substances, except as prescribed by a physician; and (3) Defendant shall participate in a program of substance abuse aftercare at the direction of the probation officer to include urine, breath, or

sweat patch testing; and outpatient treatment. Defendant shall totally abstain from the use of alcohol and other intoxicants both during and after completion of any treatment program. Defendant shall not frequent bars, clubs, or other establishments where alcohol is the main business. The Court may order that the Defendant contribute to the cost of services rendered (copayment) in an amount to be determined by the probation officer based on the Defendant's ability to pay.

Each of the Petitions allege that Defendant committed the following acts: (1) On March 18, 2015, Defendant submitted a urine specimen that tested positive for marijuana. The specimen was confirmed positive by Alere Toxicology Services, Inc., and Defendant admitted use; (2) On April 10, 2015, Defendant submitted a urine specimen that tested positive for marijuana. The specimen was confirmed positive by Alere Toxicology Services, Inc., and Defendant admitted use. On June 1, 2015, Defendant submitted a urine specimen that tested positive for marijuana. Defendant admitted use. On June 9, 2015, Defendant submitted a urine specimen that tested positive for amphetamine, methamphetamine, benzodiazepine, and MD3-ecstasy. Defendant admitted use to the above listed drugs, stating he didn't know for certain what he had ingested. The specimen was confirmed positive by Alere Toxicology Services, Inc., for amphetamine and methamphetamine. On September 22, 2015, Defendant submitted a urine specimen that tested positive for marijuana, cocaine, amphetamine, and methamphetamine. The specimen was confirmed positive by Alere Toxicology Services, Inc., for marijuana, amphetamine, and methamphetamine; and (3) On April 28; August 3, and 11; September 28, and 30; October 5, 7, 14, 16, 21, and 26; and November 2, 2015, Defendant failed to report for random drug testing at Addiction Treatment Resources, 1505 Harroun, Suite F, McKinney, Texas, as instructed and as part of our office's random drug testing program.

Prior to the Government putting on its case, Defendant entered a plea of true to all of the three allegations pending against him in both petitions in cause numbers 4:15CR180 and 4:15CR193. Having considered the Petitions and the plea of true to all three of the allegations in both petitions, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocate before the District Judge and his right to object to the report and recommendation of this Court.

### **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twelve (12) months plus one (1) day, with no term of supervised release to follow in each of the respective cases (4:15CR180 and 4:15CR193), to run concurrently to each other.

The Court also recommends that Defendant be housed in the Bureau of Prisons North Texas region, if appropriate.

**SIGNED this 20th day of April, 2016.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE